IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE CHICAGO )
REGIONAL COUNCIL OF )
CARPENTERS PENSION FUND, et al., )
)
      Plaintiffs, )
)
  v. ) No. 15 C 1584
)
JOYCE BROS. STORAGE & VAN CO., )
et al., )
)
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Michael Mudd's (Mudd) motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Defendant Joyce Bros. Storage and Van Co. (Joyce Bros.) and Defendant Joyce Installation Company, LLC (Joyce Installation) were allegedly employers covered by a collective bargaining agreement and allegedly agreed to pay the Chicago Regional Council of Carpenters Welfare Fund and Chicago Regional Council of Carpenters Apprentice & Training Program Fund (collectively referred to as "the Funds") fringe benefit contributions and union dues that were deducted from

1

employees' pay. Joyce Installation failed to make necessary payments to the Funds and in two prior cases the Funds obtained judgments against Joyce Installation. The Funds contend that Joyce Installation has still failed to pay the amounts owed to the Funds. The Funds name as Defendants in this action Joyce Installation and Joyce Bros. The Funds contend that Joyce Installation is merely a sham entity and that prior to ceasing operations, its operations were conducted under the name of Joyce Bros. The Funds have also named Mudd as a Defendant, who was the owner, sole officer, and sole non-union employee of Joyce Installation, as well as the sole shareholder, owner, and President of Joyce Bros.

The Funds brought the instant action and included in their complaint breach of fiduciary duty claims brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (Counts I-II), an ERISA single employer liability claim (Count III), an alter ego claim (Count IV), and a claim based upon a piercing of the corporate veil (Count V). This action was dismissed due to concerns as to whether this court had jurisdiction and on January 26, 2016, this court reinstated the instant action except for the claims brought against Joyce Installation. On February 26, 2016, the court granted the Funds' motion for default judgment against Joyce Bros. Mudd now moves to dismiss the claims brought against him.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences

that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Mudd argues that the Funds have not alleged sufficient facts to pierce the corporate veil or to suggest that he breached a fiduciary duty.

I. Piercing the Corporate Veil

Mudd argues that the Funds have failed to allege sufficient facts to state a valid claim under a piercing of the corporate veil theory. Generally, a corporation has an existence apart from "its shareholders, officers, directors and related corporations, and those individuals and entities ordinarily are not subject to corporate liabilities." *Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 610 (7th Cir. 2009). However, a plaintiff may seek to hold such individuals or entities liable under the piercing of the corporate veil theory, which "is an equitable remedy governed by state law." *Id.* In order to hold an individual liable under Illinois law pursuant to the piercing of the corporate veil theory, the plaintiff must establish: (1) that "there is such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist," and (2) that the "circumstances are such that adhering to the fiction of a separate corporate existence would promote injustice or inequity." *Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 736 (7th Cir. 2004)(emphasis omitted).

In the instant action, the Funds allege that Mudd was the owner, sole officer, and non-union employee of Joyce Installation, and the sole shareholder and President of Joyce Bros. (Compl. Par. 9-11). The Funds further allege that Mudd had control of the finances of the two companies, that he used some of the companies assets for personal use and for the use of family members. (Compl. Par. 60-61). The Funds have not, however, alleged sufficient facts to suggest the level of control and manipulation on the part of Mudd to the degree that the corporate veil should be

4

pierced and he should be held personally liable. The allegations when accepted as true suggest that Mudd may have misused the assets of the two companies, but that is not sufficient to pierce the corporate veil. As indicated above, the general rule is that owners and officers of a corporation are not personally liable for corporations, and the Funds have not provided sufficient allegations to suggest that they are entitled to the extraordinary relief sought under the piercing the corporate veil theory. Although the Funds provide extensive allegations indicating why Joyce Installation was a sham entity for Joyce Bros., the Funds fail to provide sufficient similar allegations suggesting that Mudd could be personally liable under the piercing the corporate veil theory. The Funds also allege in a conclusory fashion that the two companies "were so controlled and manipulated by Mudd that both were a mere instrument of him." (Compl. Par. 66). The Funds, however, fail to allege sufficient specific facts to support such a conclusion. *See Laborers' Pension Fund*, 580 F.3d at 610 (stating that a plaintiff must show that the defendant "use[d] a corporation merely as an instrumentality to conduct that person's . . . business"). The facts alleged in the complaint do not suggest that there was a corporate fiction that would lead to injustice or to support the extraordinary step of holding Mudd personally liable in this case. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 379 (7th Cir. 2008)(stating that "[p]iercing the corporate veil is not favored and in general, courts are reluctant to do so"). Therefore, the motion to dismiss the claim brought against Mudd under the piercing the corporate veil theory is granted.

II.  Breach of Fiduciary Duty

Mudd contends that the Funds have not alleged sufficient facts to state a valid breach of fiduciary duty claim.  A functional fiduciary in the ERISA context can be held liable for a breach of his fiduciary duties.  29 U.S.C. § 1002(21)(A).  Although the Funds argue that Mudd was a functional fiduciary, the Funds have failed to cite any controlling precedent that has held that such a fiduciary owes a duty in the circumstances found in this case.  (Resp. 5-7).  Other courts in this district have in fact found that no fiduciary duty arises in similar circumstances.  *See, e.g., Hotel Employees & Rest. Employees Int'l Union Welfare Fund v. Billy's 1870*, 2004 WL 1879986, at *2 (N.D. Ill.  2004)(finding that there was no fiduciary duty owed in regard to unpaid contributions); *Chicago Dist. Council of Carpenters Pension Fund v. Angulo*, 150 F. Supp. 2d 976, 978-79 (N.D. Ill. 2001)(stating that the court could not "credit the notion that every delinquent employer's nonpayment of a contribution equates to its exercising its control over the 'disposition' of a plan's assets, so as to impose fiduciary liability by reason of the nonpayment").  Mudd did owe a fiduciary duty to plan participants and plan beneficiaries.  29 U.S.C. § 1104(a)(1)(stating that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries").  However, the Funds have not shown that Mudd owed a fiduciary duty to them.  The Funds argue that, in theory, as soon as contributions were owed to the Funds, they became a trust asset and that triggered a fiduciary duty owed to the Funds.  The essence of the Funds' claim remains the same as under the piercing of the corporate veil theory, namely that they are owed a certain

sum for contributions by Mudd.  No fiduciary duty arose simply because such a debt may be owed to the Funds.   Nor can the Funds sidestep the rigorous requirements for piercing the corporate veil by creatively couching the same claim seeking to hold Mudd personally liable under the guise of a breach of fiduciary duty claim.  The Funds have a remedy available to them under ERISA to obtain relief from Joyce Bros., and have obtained a judgment against Joyce Bros.  The Funds may now pursue supplemental proceedings to collect on that judgment and if the Funds can show that Mudd has improperly taken assets from the two companies that should be used to pay the judgment, the Funds can raise such points during the supplemental collection proceedings.  The Funds have not however, alleged sufficient facts to hold Mudd personally liable for the monies owed in this case.  Therefore, Mudd's motion to dismiss the breach of fiduciary duty claim is granted.

## CONCLUSION

Based on the foregoing analysis, Mudd's motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   March 10, 2016